**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| In Re:                                     )  | |
|                                                      ) | |
| Joel Nathaniel Love                )  | Case No.  16-40202 |
|                                                      ) | JUDGE GRANT |
| Debtor                                    )  | |

## CHAPTER 13 PLAN

1. **GENERAL PROVISIONS:**

    (a) **YOUR RIGHTS MAY BE AFFECTED.** Read these papers carefully and discuss them with your attorney.  If you oppose any provision of this plan, you must file a timely written objection.  If you have a secured claim, this plan may modify your lien if you do not object to the plan.

    (b) **PROOFS OF CLAIM:** This plan does not allow claims.  You must file a proof of claim to receive distribution under a confirmed plan.  The filed proof of claim shall control as to the claim amount for pre-petition arrearages, secured and priority tax liabilities, and any payment in full offers unless specifically objected to and determined otherwise by the Court.

    (c) **ADEQUATE PROTECTION PAYMENTS:** Debtor(s) will pay all statutory adequate protection payments through the Trustee's office. As such, provided the Debtor begins the required payments to the Trustee, adequate protection will begin at confirmation unless otherwise ordered by the Court.

    (d) **EQUAL MONTHLY PAYMENTS:** The Trustee may increase the amount of any "Equal Monthly Amount" offered to appropriately amortize the claim.  The trustee shall be permitted to accelerate payments to any class of creditor for efficient administration of the case.

    (e) **OTHER:** Debtor(s) will turnover copies of federal and state income tax returns each year of the Plan to the Trustee.  Debtor(s) have prorated all income tax refunds into the disposable income and current monthly income calculations.

2. **SUBMISSION OF INCOME:** Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income or specified property of the debtor as is necessary for the execution of this plan.

3. **PAYMENT AND LENGTH OF PLAN:** Debtor shall pay **$1,425.00 per month** to the Chapter 13 Trustee, starting not later than 30 days after the order for relief, for 60 months.

4. **ADMINISTRATIVE CLAIMS (INCLUSIVE OF DEBTOR'S ATTORNEY FEES):**
All administrative claims will be paid in full by the Trustee unless creditor agrees otherwise:

| Creditor | Type of Priority | Scheduled Amount |
|---|---|---|
| David Rosenthal, Trustee | Trustee Fees | As determined by statute |
| Debtor's Attorneys, Perez & Perez by Juan A. Perez Jr. 27290-64 | Attorney Fees | An agreed fee of $3,300.00 less amounts paid as disclosed in the Rule 2016(b) Statement, leaving a balance due of $2,300.00 |

**5. DOMESTIC SUPPORT OBLIGATIONS:** All allowed domestic support claims entitled to priority under 11 U.S.C. §507(a)(1) shall be paid in full during the Plan.

**6. SECURED CLAIMS RELATING SOLELY TO RESIDENTIAL REAL ESTATE - CURING DEFAULTS AND/OR MAINTAINING PAYMENTS :** The following mortgage creditors shall be paid all allowed pre-petition arrearage claims and the ongoing post-petition mortgage installments through the Trustee. However, to the extent that any of these creditors have secured claims for real estate taxes or Homeowners Association Dues only, the Trustee shall cure arrears only, and post-petition installments shall be paid direct by the Debtor(s).

The Estimated Currently Monthly Installment listed below and Estimated Arrears amount listed below are estimates only.  Trustee shall disburse according to the amounts listed in the allowed Proof of Claim (which may be further adjusted by appropriate notice in accordance with Rule 3002.1).

| Creditor | Residential Address | Estimated Arrears | Estimated Current Monthly Installment |
|---|---|---|---|
| Midland Mortgage/MidFirst | 3766 Ensley St. Lafayette, IN 47909 | $13,500.00 | $990.00 |
|  |  |  |  |

**7. OTHER SECURED CLAIMS:**

    **(a).** The following creditors shall be paid the **replacement value of their collateral**. The Debtor moves the Court to value collateral as follows according to **11 U.S.C. § 506(a)**. Each of the following secured claims, if allowed, shall be paid through the plan PRO-RATA, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Creditor | Description of Collateral | Value | Interest Rate |
|---|---|---|---|
| CNAC | 2003 GMC Envoy | $3,200.00 | 4.25% |
|  |  |  |  |

**FAILURE TO OBJECT TO THIS TREATMENT WILL BE DEEMED ACCEPTANCE OF THIS PLAN PROVISION AS TO VALUE AND INTEREST RATE.**

    **(b).** The following creditors shall be paid the principal amount of their allowed claim, estimated below, retain their liens until discharge and shall be paid through the PRO-RATA, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Creditor | Description of Collateral | Estimated Claim Balance | Interest Rate |
|---|---|---|---|
| NONE |  |  |  |
|  |  |  |  |

**FAILURE TO TIMELY OBJECT TO CONFIRMATION OF THIS PLAN PROVISION SHALL BE DEEMED ACCEPTANCE OF THE INTEREST RATE PROVIDED ABOVE.**

**(c) Curing Defaults and/or Maintaining Payments:** Trustee shall pay allowed claim for arrearage, and debtor or co-signer shall pay regular post-petition contract payments directly to the following creditors:

| Creditor | Collateral/Type of Debt | Estimated Arrears |
|---|---|---|
| NONE |  |  |

**(d) Surrendered/Abandoned Collateral:** The debtor intends to surrender the following collateral to the following creditors; and upon confirmation, the Chapter 13 estate abandons any interest in the following collateral:

| Creditor | Collateral Surrendered/Abandoned | Scheduled Value of Property |
|---|---|---|
| NONE | | |

**8. SECURED TAX CLAIMS AND 11 U.S.C. 507 PRIORITY CLAIMS:** All allowed secured tax obligations shall be paid in full by the Trustee, inclusive of statutory interest thereon.  All allowed priority tax claims shall be paid in full by the Trustee, exclusive of interest, unless the creditor agrees otherwise.

**9. NON-PRIORITY UNSECURED CLAIMS:**
   **(a)  Separately Classified or Long-term Debts:**

| Creditor | Basis for Classification | Treatment | Amount | Interest (if any) |
|---|---|---|---|---|
| NONE | | | | |

   **(b)  General Unsecured Claims - General unsecured creditors shall receive:**
   _X_  Pro rata distribution from any remaining funds; or
   ___Other: _____.

**10.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** All executory contracts and unexpired leases are REJECTED, except the following, which are assumed:

| Creditor | Property Description | Treatment |
|---|---|---|
| NONE | | |

**11.  MOTION TO AVOID JUDGMENT LIENS:** The Debtor hereby moves the Court pursuant to **11 U.S.C. § 522(f)** to avoid the liens of certain creditors on the following described property:

```
Lot numbered Ninety-seven (97) in Stones Crossing Subdivision, Section
Three, an addition to Wea Township, Tippecanoe County, Indiana, as per
Plat thereof dated July 14, 2004 and recorded July 22, 2004, as Document
No. 04021062, IN the Office of the Recorder of Tippecanoe County, Indiana.
Commonly known as 3766 Ensley St. Lafayette, IN 47909.
```

The value of the Property on the Petition Date is $137,900.00.

Senior mortgage liens are held by Midland Mortgage/MidFirst Bank in the amount of $161,089.78; and United States of America in the amount of $4,037.47.  (Note: Debtor is also seeking to avoid the mortgage lien of United States of America).   The total amount of senior liens is $165,127.25.

Debtor has claimed an exemption in the property in the amount of $19,300.00.  Therefore, the following liens impair the Debtor's exemptions and are subject to avoidance under 11 U.S.C. §522(f):

| Lien Holder | Court in which Recorded | Cause Number | Judgment Date | Judgment Amount |
|---|---|---|---|---|
| Midland Funding (as successor to Capital One) | Tippecanoe County | 79D04-0708-SC-03680 | 10/2/2007 | $1,989.00 |
| Springleaf Financial Services of Indiana, Inc. | Tippecanoe County | 79D01-1412-CC-00909 | 1/28/2015 | $1,888.32 |

The secured status of these creditors' claims shall be, upon discharge, voided by §506, and pursuant to §1327, the Debtor's property shall be free and clear of all said pre-petition liens listed above.   These creditors shall be treated as Non-Priority Unsecured creditors if they file a timely and allowed Proof of Claim.

**12.   MOTION TO AVOID WHOLLY UNSECURED MORTGAGES:**  The Debtors hereby moves the Court pursuant to **11 U.S.C. § 506(a)** to avoid the wholly unsecured mortgages of a certain creditor on the following described property:

```
Lot numbered Ninety-seven (97) in Stones Crossing Subdivision, Section
Three, an addition to Wea Township, Tippecanoe County, Indiana, as per
Plat thereof dated July 14, 2004 and recorded July 22, 2004, as Document
No. 04021062, IN the Office of the Recorder of Tippecanoe County, Indiana.
Commonly known as 3766 Ensley St. Lafayette, IN 47909.
```

The value of the Property on the Petition Date is $137,900.00.

A senior First Mortgage is held by Midland Mortgage/MidFirst Bank in the amount of $161,089.78.

Therefore, the following junior mortgage is wholly unsecured and subject to avoidance pursuant to 11 USC §506(a).  This creditor is not subject to protection under 11 USC §1322(b)(2).

| Lien Holder | County in which Recorded | Redacted Mortgage Account Number | Mortgage Date | Mortgage Amount |
|---|---|---|---|---|
| United States of America | Tippecanoe | Unknown | 3/12/2014 | $4,037.47 |
|  |  |  |  |  |

The secured status of this creditor's claim shall be, upon discharge, voided by §506, and pursuant to §1327, the Debtor's property shall be free and clear of all said pre-petition lien listed above.   These creditor shall be treated as a Non-Priority General Unsecured creditor if it files a timely and allowed Proof of Claim.

**13.   MISCELLANEOUS PROVISIONS:**

**a.  LIEN RETENTION:**  With respect to each allowed secured claim provided for by the plan, the holder of such claim shall retain its lien securing such claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) a discharge order being entered under 11 U.S.C.1328.

**b.  VESTING OF PROPERTY OF THE ESTATE:**  All property will remain property of the estate until discharge. The debtor will remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b))]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

**c.  DEBTOR'S DUTY TO MAINTAIN INSURANCE:** Debtor will maintain all insurance required by law and contract upon property of the estate and the debtor's property.

**d.  ENTRY OF ORDERS LIFTING STAY:** Upon entry of order lifting stay, no distributions shall be made to the secured creditor until such time as an amended deficiency claim is filed by such creditor.

**e.  ALL CLAIMS PROVIDED FOR:** It is the Debtor's intent to provide for every claim unless specifically stated otherwise. Unless the claim is set forth specifically in this Plan as a secured claim, the Debtor is purposely classifying the claim as unsecured and it will be treated as an unsecured claim despite a belief that it is a secured claim. Accordingly, the creditor must either timely object to confirmation of this Plan, or be deemed to have accepted this Plan's treatment of the Claim as provided herein.

**f.  PLURALITY:** As used herein, the term "Debtor", "Debtors" or "Debtor(s)" shall be used interchangeably to refer to the Debtor in an individual case and to include both Debtors in a joint case.

# United States Bankruptcy Court
## Northern District of Indiana

In re   Joel Nathaniel Love                                      Case No.  
                               Debtor(s)                         Chapter   13

## CHAPTER 13 PLAN
(Signature Page)

Date  4-27-16              Signature  _____  
                                      Joel Nathaniel Love  
                                      Debtor